**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Mark Allen MCMILLION, Defendant—
Appellant.**

**No. 04–30247.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

Marcia Good Hurd, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

David A. Duke, Law Office of David A. Duke, Billings, MT, for Defendant–Appellant.

Before: O'SCANNLAIN, CALLAHAN and BEA, Circuit Judges.

## MEMORANDUM **

■ Mark McMillion appeals the sentence imposed, following remand from this court, for his jury conviction for coercion to participate in interstate travel for the purpose of prostitution, interstate transportation of a minor for the purpose of prostitution and interstate transportation or travel in aid of racketeering enterprise in violation of 18 U.S.C. §§ 2422(a), 2421, 2423(a) and 1952. Our prior decision, and the sentence imposed on remand, occurred before the Supreme Court issued its decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

■ McMillion contends that his sentence was improperly enhanced based on facts not found beyond a reasonable doubt.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Because McMillion did not challenge his sentence on Sixth Amendment grounds in the district court, we grant a limited remand pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir.2005) (en banc). We reject the government's contention that law of the case, arising from our pre-*Booker* decision upholding an upward departure under the mandatory Guidelines, should bind the district court on remand. The limited remand procedure described in *Ameline* is appropriate because we cannot reliably determine from the record whether the district court would have imposed a different sentence under an advisory Guidelines system. *See id.* In light of this disposition, we need not address McMillion's other claim on appeal regarding the validity of his sentencing.

REMANDED.